UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHAWN RICHARD SITTRE a/k/a PRUETT,<br><br>                 Plaintiff,<br><br>v.<br><br>CASSANDRA WILHELM; RYAN LANGAN; GABRIEL TOPETE; and IDAHO DEPARTMENT OF CORRECTION,<br><br>                 Defendants. | Case No. 1:21-cv-00098-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

       The Clerk of Court conditionally filed Plaintiff Shawn Richard Sittre's Complaint as a result of Plaintiff's status as an inmate and in forma pauperis request. The Court now reviews the Complaint to determine whether it should be summarily dismissed in whole or in part under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

**1.**      **Screening Requirement**

       The Court must review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, as well as complaints filed in forma pauperis, to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a

frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

## 2. Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted). And, a court is not required to comb through a plaintiff's exhibits or other filings to determine if the complaint states a plausible claim.

## 3. Factual Allegations

Plaintiff is a prisoner in the custody of the Idaho Department of Correction ("IDOC"), currently incarcerated at the Idaho Maximum Security Institution. Plaintiff is at particular risk of attack by members of the STG Group, a prison gang. *Compl.*, Dkt. 3, at 2.

Plaintiff states that, on December 3, 2020, he had an appointment with Matt Logan, a prison clinician. Plaintiff was set to return to his cell after the appointment, but because of the risk posed by STG members, prison staff needed to secure the unit through which Plaintiff would have to be taken back to his cell. Logan informed unit control officer Defendant Wilhelm that Plaintiff "could not be around STG inmates and that the tier needed to be secured." *Id*. Wilhelm told Logan that the unit was "safe and clear." Plaintiff states that Wilhelm "visually looked" at the tier before stating it was safe, but that she did not ensure "all unit locks and doors withen [sic] the unit" were engaged before "clearing [Plaintiff] to return" to his cell. *Id*.

Wilhelm also checked with Defendant Langan, who "was physically on the tier," as to whether the unit was secured. *Id*. at 3. Langan informed Wilhelm that it was. Wilhelm then informed Logan, who released Plaintiff to return to his cell. *Id*.

In fact, "multiple inmates were not secured." *Id*. It is not entirely clear from the Complaint precisely what Plaintiff means by "not secured," but his reference to Defendant Wilhelm's duty to ensure that doors were locked indicates that at least some of the cell doors on the tier were not locked.

When Plaintiff was escorted to the tier, an unidentified inmate attacked Plaintiff and took him to the ground. *Id*. at 4. Defendant Topete, who responded to the attack, "had the option to pull [Plaintiff's] attacker" off of Plaintiff but chose instead to use OC spray. Topete evidently missed the attacker but hit Plaintiff with the spray "directly in [his] mouth and face." *Id*. Plaintiff alleges that this use of force was unnecessary and that, even

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

if Topete's intent was to protect Plaintiff, Topete's actions in fact "violated [Plaintiff's] safety." *Id*.

Plaintiff was seriously injured in the attack. He now brings claims under 42 U.S.C. § 1983, the federal civil rights statute, and seeks monetary damages for constitutional violations. *Id*. at 2–4. In addition to Defendants Wilhelm, Langan, and Topete, Plaintiff also sues the IDOC.

**4.     Discussion**

Plaintiff has not alleged sufficient facts to proceed with the Complaint. The Court will, however, grant Plaintiff 60 days to amend the Complaint. Any amended complaint should take into consideration the following.

### A.     *Standards of Law Governing Plaintiff's Claims*

To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

Prison officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677

("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045.

However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists ... a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging that a defendant (1) set in motion a series of acts by others that violated the Constitution, or knowingly refused to terminate a series of such acts, which the supervisor "knew or reasonably should have known would cause others to inflict a constitutional injury"; (2) knowingly failed to act or acted improperly "in the training, supervision, or control of his subordinates"; (3) acquiesced in the constitutional deprivation; or (4) engaged in "conduct that showed a reckless or callous indifference to the rights of others." *Id*. at 1205–09 (internal quotation marks omitted).

Plaintiff asserts his claims under the Eighth Amendment to the United States Constitution, which guarantees prisoners the right to minimally adequate conditions of confinement. "[T]he Constitution does not mandate comfortable prisons, and prisons … cannot be free of discomfort." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). However, although prison conditions may be restrictive—even harsh—without violating the Eighth Amendment, prison officials are required to provide prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety. *Id.* at 347; *Hoptowit v.*

INITIAL REVIEW ORDER BY SCREENING JUDGE - 5

*Ray,* 682 F.2d 1237, 1246 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

To state a claim under the Eighth Amendment, prisoners must show that they are "incarcerated under conditions posing a substantial risk of serious harm," or that they have been deprived of "the minimal civilized measure of life's necessities" as a result of the defendants' actions. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). An Eighth Amendment claim requires the plaintiff to satisfy both (1) an objective standard, "that the deprivation was serious enough to constitute cruel and unusual punishment," and (2) a subjective standard, that the defendant acted with "deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc).

As for the objective prong of the analysis, "[n]ot every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Rather, the deprivation alleged must be objectively sufficiently harmful or, in other words, sufficiently "grave" or "serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

With respect to the subjective prong of an Eighth Amendment violation, "deliberate indifference entails something more than mere negligence, [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. "To be cruel and unusual

punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety." *Whitley*, 475 U.S. at 319.

To exhibit deliberate indifference, a defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." *Gibson v. Cty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002), *overruled on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016). Moreover, even prison officials who *did* actually know of a substantial risk to inmate health or safety will not be liable under § 1983 "if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844.

Prison officials who act with deliberate indifference "to the threat of serious harm or injury" by one prisoner against another are subject to liability under § 1983. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). "Having incarcerated persons with demonstrated proclivities for antisocial criminal, and often violent, conduct, having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course." *Farmer*, 511 U.S. at 833 (internal quotation marks, citation, and alterations omitted).

A "prison official's duty under the Eighth Amendment is to ensure reasonable safety, not absolute safety." *Martinez v. Field*, No. 1:17-CV-00337-DCN, 2020 WL

INITIAL REVIEW ORDER BY SCREENING JUDGE - 7

2576178, at *7 (D. Idaho May 21, 2020) (unpublished) (internal quotation marks omitted). "General fears about being harmed by a fellow inmate or a prison gang are not enough" to establish an Eighth Amendment violation:

> Inmates have no claim under the Eighth Amendment based on a general unsubstantiated fear of assault by a fellow inmate or by a specific group. Otherwise, courts would be flooded with prisoner litigation. Instead, to satisfy *Farmer*, the prisoner must present evidence of a particularized fear based upon prior threats or upon members of a specific group who have the motive and the ability to commit an assault themselves or through intermediaries.

*Id.* at *8; *see Savocchio v. Crabtree*, No. CV-97-1698-ST, 1999 WL 562692, at *5 (D. Or. July 12, 1999) (unpublished) (holding that inmate satisfied burden of showing sufficiently serious deprivation from fears of attack by gang members because petitioner "had long-standing problems with members of [the gang], including a bad drug deal[,] … a contract being placed on his life," and having been identified as a snitch).

The Eighth Amendment also guarantees inmates the right to be free from excessive force by correctional officers. Because the Eighth Amendment prohibits only "cruel and unusual" punishment, the use of force amounts to a constitutional violation if it is applied "maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers,* 475 U.S. 312, 320–21 (1986) (internal quotation marks omitted). "This standard necessarily involves a more culpable mental state than that required for excessive force claims arising under the Fourth Amendment's unreasonable seizures restriction." *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2003). Therefore, a prisoner

asserting an excessive force claim must show "malicious and sadistic force, not merely objectively unreasonable force." *Id*.

Not every "malevolent touch" by a prison guard gives rise to an Eighth Amendment claim, *Hudson*, 503 U.S. at 9, "even if it may later seem unnecessary in the peace of a judge's chambers," *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973). Therefore, in addition to showing that prison officials used force maliciously and sadistically, a prisoner asserting an excessive force claim must "objectively show that he was deprived of something sufficiently serious." *Id*. (internal quotation marks omitted). A court considers five factors in analyzing whether the objective component has been met: "(1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response." *Furnace v. Sullivan*, 705 F.3d 1021, 1028 (9th Cir. 2013) (internal quotation marks omitted).

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

### B. *The Complaint Does Not State a Plausible Eighth Amendment Claim*

   i. <u>Claims against IDOC, and Claims against Defendants Wilhelm, Langan, and Topete in Their Official Capacities</u>

States and state entities are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, even if the IDOC were a "person" for purposes of § 1983, it would be immune from suit in federal court under the Eleventh Amendment. *Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Quern v. Jordan*, 440 U.S. 332, 342–44 (1979) (holding that § 1983 does not waive state sovereign immunity); *Esquibel v. Idaho*, No. 1:11-cv-00606-BLW, 2012 WL 1410105, at *6 (D. Idaho Apr. 23, 2012) (holding that Idaho itself has not waived state sovereign immunity for constitutional claims). Therefore, Plaintiff's claims against the IDOC are implausible.

Plaintiff's claims against Defendants Wilhelm, Langan, and Topete in their official capacities are implausible for the same reason as Plaintiff's claims against the IDOC. *Hafer v. Melo*, 502 U.S. 21, 27 (1991) ("State officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them."). Therefore, the Court construes Plaintiff's § 1983 claims as individual-capacity claims. *See Cerrato v. San Francisco Cmty. College Dist.*, 26 F.3d 968, 973 n.16 (9th Cir. 1994).

   ii. <u>Claims against Defendants Wilhelm, Langan, and Topete in Their Individual Capacities</u>

Plaintiff claims that Defendants Wilhelm and Langan failed to protect him from the attack by the other inmate when Plaintiff was returning to his cell. However, the

INITIAL REVIEW ORDER BY SCREENING JUDGE - 10

Complaint does not contain sufficient allegations to support a reasonable inference that Wilhelm or Langan subjectively knew of a substantial risk of attack yet deliberately disregarded that risk. At most, the Complaint asserts that Wilhelm and Langan negligently failed to realize that not all cell doors were secured on the tier before Plaintiff left the clinician to return to his cell. Therefore, Plaintiff's claims against Wilhelm and Langan are implausible.

Plaintiff also claims that Defendant Topete used excessive force against him in responding to the attack on Plaintiff. The Complaint appears to recognize that Topete was attempting to help Plaintiff during the attack when he used the OC spray. By definition, force used with an intent to protect Plaintiff is not malicious and sadistic force. That Topete missed the other inmate and hit Plaintiff with the spray does not support a claim of deliberate indifference. The Eighth Amendment does not prohibit force that, though unnecessary, is not applied maliciously and sadistically for the very purpose of causing harm. *Whitley,* 475 U.S. at 320–21. As a result, Plaintiff's claim against Defendant Topete is implausible.

5.   **Standards for Amended Complaint**

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and

INITIAL REVIEW ORDER BY SCREENING JUDGE - 11

conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (internal quotation marks and alteration omitted)).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular federal constitutional provision (or state law provision) Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met—for example, Plaintiff must allege facts satisfying the elements of an Eighth Amendment claim; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a

INITIAL REVIEW ORDER BY SCREENING JUDGE - 12

motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 60 days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1. The Complaint fails to state a claim upon which relief may be granted.

    Plaintiff has 60 days within which to file an amended complaint as

INITIAL REVIEW ORDER BY SCREENING JUDGE - 13

      described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint. If Plaintiff does not amend within 60 days, this case may be dismissed without further notice. Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if Plaintiff no longer intends to pursue this case.[1]

2.     Any amended complaint—like all documents filed with the Court—must be signed by Plaintiff. "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." *See* Fed. R. Civ. P. 11(a).

DATED: April 9, 2021

B. Lynn Winmill
U.S. District Court Judge

---

[1] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, for maliciousness, or for failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 14